# IN THE COURT OF APPEALS OF IOWA

No. 20-1255
Filed May 26, 2021

IN THE INTEREST OF K.B.,
Alleged to be Seriously Mentally Impaired,

K.B., Respondent,
    Appellant.

_____

Appeal from the Iowa District Court for Butler County, Chris Foy, Judge.

K.B. appeals the district court's order of continued commitment under Iowa Code chapter 229 (2019). **REVERSED AND REMANDED.**

Elizabeth M. Wayne of Papenheim Law Office, Parkersburg, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MAY, Judge.**

K.B. is an adult with a history of mental-health services.[1]  In 2013, he was civilly committed.  He was originally ordered to engage in inpatient treatment.  But in 2016, he progressed to outpatient treatment.

In 2019, K.B. challenged the continued commitment.  On September 5, his provider filed a progress report with the court.  The report said K.B. "[h]as not been seen since the last report was filed[ on July 8].  Scheduled to return Sept[ember] 19."  It recommended continued outpatient treatment.  On September 24, a magistrate denied K.B.'s request to end his commitment.  K.B. timely appealed to the district court.  In an order dated March 31, 2020, the district court found the State had shown that K.B. continues to be seriously mentally impaired.  The court ordered K.B. to continue outpatient treatment.  K.B. now appeals.  He challenges the sufficiency of the evidence that he is seriously mentally impaired.

**I. Standard of Review**

In involuntary commitment proceedings, we review challenges to the sufficiency of the evidence for errors at law.  *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013).  The elements of serious mental impairment must be established by clear and convincing evidence, and the district court's findings of fact are binding on us if supported by substantial evidence.  *See In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998).  Evidence is substantial if a reasonable trier of fact could conclude the findings were established by clear and convincing evidence.  *See id.*

---

[1] This is a companion case to *In re K.B.*, No. 20-1528, _____ WL _____ (Iowa Ct. App. May 26, 2020).

**II. Discussion**

To establish serious mental impairment, as defined in Iowa Code section 229.1(20) (2019),[2] the State must prove "the individual: (1) has a mental illness, (2) lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment because of the mental illness, and (3) is likely, if permitted to remain at liberty, to be a danger to self or others." *In re J.E.*, No. 19-0034, 2019 WL 3946051, at *2 (Iowa Ct. App. Aug. 21, 2019) (citation and internal quotation marks omitted).

In this case, our analysis begins and ends with the third element. "Dangerousness is embodied in the third element of the definition of serious mental impairment as 'constitutionally necessary . . . to provide a justification for depriving

---

[2] Iowa Code section 229.1(20) states:

20. "Seriously mentally impaired" or "serious mental impairment" describes the condition of a person with mental illness and because of that illness lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment, and who because of that illness meets any of the following criteria:

a. Is likely to physically injure the person's self or others if allowed to remain at liberty without treatment.

b. Is likely to inflict serious emotional injury on members of the person's family or others who lack reasonable opportunity to avoid contact with the person with mental illness if the person with mental illness is allowed to remain at liberty without treatment.

c. Is unable to satisfy the person's needs for nourishment, clothing, essential medical care, or shelter so that it is likely that the person will suffer physical injury, physical debilitation, or death.

d. Has a history of lack of compliance with treatment and any of the following apply:

(1) Lack of compliance has been a significant factor in the need for emergency hospitalization.

(2) Lack of compliance has resulted in one or more acts of serious physical injury to the person's self or others or an attempt to physically injure the person's self or others.

individual liberty under the state's police power.'" *In re Foster*, 426 N.W.2d 374, 377 (Iowa 1988) (alteration in original) (citation omitted). "Stringent proof under the dangerousness standard is necessary because predicting dangerousness is difficult and, at best, speculative." *Id.* at 377–78. In particular, "[t]his element requires that the threat the patient poses to himself or others be evidenced by a 'recent overt act, attempt or threat.'" *In re Mohr*, 383 N.W.2d 539, 542 (Iowa 1986) (citation omitted). "Overt act" means "past aggressive behavior or threats by the respondent manifesting the probable commission of a dangerous act upon himself or others that is likely to result in physical injury." *Foster*, 426 N.W.2d at 378. As for the recentness requirement, our court has held that acts approximately six months prior were "too remote in time" to constitute "recent" acts, attempts or threats. *See In re S.S.*, No. 15-0494, 2015 WL 6508809, at *5 (Iowa Ct. App. Oct. 28, 2015); *see also L.H.*, 890 N.W.2d 333, 341 (Iowa Ct. App. 2016) (noting "[t]o support an accurate prediction of dangerousness, the prior manifestations must not be too remote in time" and citing *S.S.*, 2015 WL 6508809, at *5, for support).

K.B. argues the State did not submit evidence of any "recent overt act." We agree. Although the provider's report indicated K.B. remained "seriously mentally impaired," it described no recent overt acts. And it did not mention danger. Nor was there testimony about danger. K.B. was the only witness. Although he was cross-examined at length, K.B. was not asked about—and he did not admit—acts or words implying danger to himself or others. And by way of conscious repetition, no treating provider opined about K.B.'s dangerousness, either through testimony

or a report.[3]  *See In re L.E.B.*, No. 14-0989, 2015 WL 7575399, at *4 (Iowa Ct. App. Nov. 25, 2015) (finding insufficient evidence to establish dangerousness when "the person who completed the preprinted physician's report wrote 'yes' in response to a question regarding dangerousness, [but] the person completing the report did not provide any information supporting the conclusion").

The State acknowledges that our cases require "substantial evidence of a recent overt act, attempt, or threat" to continue K.B.'s commitment.  *See L.H.*, 890 N.W.2d at 341.  But the State does not claim the evidence here showed any recent overt act, attempt, or threat.  Rather, the State notes "[t]he proof offered at this hearing [was] based on the judicially approved form for periodic reports."  *See* Iowa Ct. R. 12.36, Forms 19–21.  And, as the State concedes, those forms "do not require recitation of the elements of dangerousness."  The natural inference is that the proof did not address "the elements of dangerousness."  As explained, we reached the same conclusion through our independent review of the record.

The State suggests that, if we find the proof offered was insufficient, we should make "recommendations for updating the judicially prescribed forms" with the goal of "ensuring the appropriate information is provided in future hearings." We believe it would be better for the State to provide its recommendations directly to the supreme court and the legislature, the institutions authorized to revise our rules and accompanying forms.  *See* Iowa Code §§ 602.4201, .4202.  We also note that, under the existing rules, we see nothing to prevent the State from

---

[3] On the September 5, 2019 report, a box was checked to indicate K.B. is "seriously mentally impaired."  But the report did not mention danger or any acts suggesting danger.

submitting *other* evidence—*in addition to* the periodic reporting form—to show the "recent overt act, attempt or threat" required for continued commitment.  *See L.H.*, 890 N.W.2d at 341.

**III. Conclusion**

The record does not include substantial evidence of a recent overt act, attempt, or threat by K.B.  The State did not meet its burden of proving dangerousness.  So we reverse the district court's order of March 31, 2020, and we remand for entry of an order terminating K.B.'s commitment.  In view of our disposition, we need not address K.B.'s other pro se motions on appeal.

**REVERSED AND REMANDED.**